IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT POTTS, and ) <br> DEBRA POTTS, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WESTSIDE CHRYSLER JEEP DODGE, ) <br> LLC d/b/a WESTPOINTE CHRYSLER ) <br> JEEP DODGE, ) <br> ) <br>     Defendant. ) | Case No. CIV-21-502-D |

## ORDER

Plaintiffs Robert and Debra Potts initiated this putative class action in state court alleging that Defendant Westside Chrysler Jeep Dodge LLC fraudulently sold a vehicle that had sustained significant hail damage without making the statutorily required disclosures. Defendant timely removed the case under the Class Action Fairness Act ("CAFA"). Plaintiffs filed a Motion to Remand [Doc. No. 8], arguing that Defendant failed to satisfy CAFA's requirements and that their case falls into one of CAFA's exceptions. Defendant responded in opposition [Doc. No. 18] and Plaintiff replied [Doc. No. 19]. The matter is now at issue.

## DISCUSSION

### I. The Class Action Fairness Act

"Federal courts are courts of limited jurisdiction" and therefore "they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016) (quotation marks and citation omitted). As noted, Defendant asserts that jurisdiction

is proper pursuant to CAFA. CAFA allows a federal court to assume original jurisdiction over class actions involving at least 100 members, more than $5 million in controversy, and minimal diversity between at least one defendant and one class member. 28 U.S.C. § 1332(d). However, "[e]ven when these jurisdictional requirements are met, CAFA recognizes three statutory exceptions." *Speed v. JMA Energy Co.*, LLC, 872 F.3d 1122, 1126 (10th Cir. 2017).

First, the local-controversy exception requires the district court to decline jurisdiction when greater than two-thirds of the proposed class members and at least one defendant are citizens of the state in which the action was originally filed, the principal injuries were incurred in the state in which the action was originally filed, and no other class actions asserting similar factual allegations against the defendant have been filed during the three-year period preceding the filing of the class action. 28 U.S.C. § 1332(d)(4)(A). Second, the home-state exception requires the district court to decline jurisdiction when two-thirds or more of the class members and the primary defendants are citizens of the state in which the action was originally filed. *Id.* at § 1332(d)(4)(B). Finally, the discretionary exception permits, but does not require, the district court to decline jurisdiction after considering certain enumerated factors in cases where greater than one-third but less than two-thirds of the class members and the defendant are citizens of the state in which the action was filed. *Id.* at § 1332(d)(3). Importantly, "[u]nder all three of these exceptions, Plaintiffs [are] obliged to demonstrate, *inter alia*, that a certain portion of the class members are Oklahoma citizens." *Reece v. AES Corp.*, 638 F. App'x 755, 759 (10th Cir. 2016) (unpublished).

CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014) (quoting S.Rep. No. 109–14, at 43 (2005)). The burden of establishing that jurisdiction is proper under CAFA is placed on the removing party. *Id.* "However, once a defendant establishes removal is proper, a party seeking remand to the state court bears the burden of showing jurisdiction in federal court is improper under one of CAFA's exclusionary provisions." *Id.*

II. **The Parties' Arguments**

Defendant asserts that federal jurisdiction over the case is proper under CAFA. Specifically, Defendant notes that Plaintiffs' state court Petition alleged a class size of 225 persons and that their request for actual, consequential, statutory, and punitive damages puts at least $5 million in controversy. Defendant further asserts that at least some members of the putative class now reside and vote in other states, suggesting that they are not domiciled in Oklahoma.

Plaintiffs disagree on several fronts.[1] Although they initially alleged a class size of

---

[1] Plaintiffs also argue that CAFA's minimal diversity requirement is not met because they defined the class to include Oklahoma citizens only. Defendant counters that the class definition includes individuals who are not necessarily domiciled in Oklahoma. Unlike the other issues raised by the parties' briefs, this dispute can be resolved without further factual development. Plaintiffs defined the class as "Oklahoma consumers who purchased damaged automobiles from Westpointe without statutory disclosure, and/or were deceived by Westpointe, and/or purchased damaged automobiles which failed to include the statutory disclosures by Westpointe to the State of Oklahoma." Of course, an "Oklahoma consumer" is not necessarily an Oklahoma citizen. As explained in *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013), vehicles may be purchased and registered in a state "by members of the military, by out-of-state students, by owners of second homes, by other temporary residents who maintained legal citizenship in other states, and by

225, their reply brief states that the class size is actually 158. They also take issue with Defendant's damages calculations, pointing out that the insurance estimate for the damaged vehicles was less than the amount cited in Defendant's Notice of Removal. They further assert that their losses will not exceed the $5 million threshold needed to invoke CAFA when the smaller class size of 158 is taken into account. This dispute is significant because "[e]vidence establishing the amount [in controversy] is required…when the plaintiff contests…the defendant's allegations." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Additionally, Plaintiffs argue that even if Defendant has met its burden of showing that removal is proper, the case should be remanded to state court under any one of CAFA's three exceptions. To support this assertion, Plaintiffs rely on a partial list of customers who purchased hail damaged vehicles in 2015. The list shows each customer as having an Oklahoma mailing address at the time of purchase. Perhaps recognizing that relying on an incomplete, outdated customer list to establish the number of in-state class members would require the Court to engage in impermissible guesswork and speculation, *see Reece*, 638 F. App'x at 770, Plaintiffs request the opportunity to engage in limited discovery into the current citizenship of the proposed class members.[2]

### III. Jurisdictional Discovery

Generally, when a defendant challenges a court's jurisdiction, "either party should

---

persons who live in [the state] but are not U.S. citizens. That a purchaser may have a residential address in [the state] does not mean that person is a citizen of [the state]."
[2] Defendant did not address Plaintiffs' request for jurisdictional discovery in its response brief.

be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat'l Inst. of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir.2002) (quoting *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir.1975)). Although a court typically enjoys broad discretion over "the manner by which it resolves an issue of subject matter jurisdiction," a refusal to grant jurisdictional discovery is "an abuse of discretion if the denial results in prejudice to a litigant." *Id.* "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary." *Id.* (citation omitted).

Here, the size of the class, the amount in controversy, and the number of diverse class members are all in dispute. Given these factual disputes, the Court is not able to determine whether it has jurisdiction over the case or, assuming jurisdiction is proper, whether it should abstain from exercising that jurisdiction pursuant to a CAFA exception. Accordingly, the Court finds that limited discovery into these jurisdictional issues is appropriate. *See Speed,* 872 F.3d at 1125 (noting that district court permitted jurisdictional discovery related to CAFA exceptions); *Cowan v. Devon Energy Corp.*, No. CIV-16-510-SPS, 2017 WL 5188059 (E.D. Okla. Nov. 8, 2017) (allowing jurisdictional discovery related to CAFA exceptions); *Gibson v. Cont'l Res., Inc.*, No. CIV-15-611-M, 2015 WL 5883426 (W.D. Okla. Oct. 8, 2015) (same); *Baker v. PDC Energy, Inc.*, No. 14-CV-02537-RM-MJW (D. Colo. Dec. 9, 2014) (same); *Barricks v. Barnes-Jewish Hosp.*, No. 4:11-CV-1386 CEJ, 2012 WL 1230750 (E.D. Mo. Apr. 12, 2012) (same). The Court does not anticipate that discovery into these issues will be particularly lengthy or complicated as the class size appears to be relatively small and at least some of the class list is already

available. To be clear, the jurisdictional discovery should be limited to facts relevant to the jurisdictional issues and "'made largely on the basis of readily available information.'" *Jeter v. Wild W. Gas, LLC*, No. 12-CV-411-TCK-PJC, 2014 WL 3890308, at *6 (N.D. Okla. Aug. 7, 2014) (quoting S. Rep. 109–14, at 44 (2005)).

## CONCLUSION

As detailed herein, the parties are permitted to engage in limited jurisdictional discovery related to the amount in controversy and the citizenship of the putative class members. All discovery on these issues shall be completed within 90 days of the date of this Order. Plaintiffs may submit a supplemental brief within 14 days after discovery is concluded and Defendant may submit a supplemental response brief within 14 days after the filing of Plaintiffs' supplemental brief.

IT IS SO ORDERED this 9th day of September, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge